Rafaela DUENAS–CARRILLO, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73416.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Maile M. Hirota, Esq., Gordon T. Yang, Esq., Lynch Ichida Thompson Kim & Hirota, Honolulu, HI, for Petitioner.

---

* This panel unanimously finds this case suit-

**104**

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Arthur L. Rabin, Esq., San Francisco, CA, Mary Jane Candaux, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Rafaela Duenas–Carrillo, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an immigration judge's denial of her application for cancellation removal.

Duenas–Carrillo contends that the immigration judge denied her due process by failing to apply the proper legal standard in determining whether she was eligible for cancellation of removal under Section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b).

We dismiss the petition for review because it is plain from the record and the opening brief that Duenas–Carrillo is merely cloaking in "due process" garb her challenge to the immigration judge's discretionary determination that she failed to establish the requisite "exceptional and extremely unusual hardship" to a qualifying relative, a determination we lack jurisdiction to review. *Romero–Torres v. Ashcroft,* 327 F.3d 887, 891–92 (9th Cir.2003) (holding that court of appeals lacks juris-

diction to review the BIA's discretionary determination that an alien failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal); *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) (holding that abuse of discretion claims recast as due process violations do not constitute colorable due process claims over which court of appeals may exercise jurisdiction to review agency's discretionary decision).

Because we lack jurisdiction to review the discretionary hardship determination, we do not reach the government's argument regarding exhaustion.

**PETITION FOR REVIEW DISMISSED.**

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

